UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONNA M. HAMMOND,<br><br>   Plaintiff,<br><br>v.<br><br>SELENE FINANCE, LP,<br><br>   Defendant. | CIVIL ACTION<br><br>COMPLAINT 1:16-cv-10992<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, DONNA M. HAMMOND ("Plaintiff"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, SELENE FINANCE, LP ("Selene"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Selene's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Selene's unlawful conduct relates to a debt incurred by Plaintiff in this District.

**PARTIES**

5.  Plaintiff is a consumer and natural person over 18 years-of-age who owned real property located at 6041 Komensky Avenue, Chicago, Illinois 606029 ("subject property").

6.  Defendant Selene is a Delaware corporation and its registered agent is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Selene is a foreign company whose primary business is the collection of debts owed to others and servicing loans across the country, including the State of Illinois.

**BANKRUPTCY CASE**

7.  In or around 1984, Plaintiff purchased the subject property.

8.  On or around August 1, 2007, Plaintiff refinanced her existing mortgage and executed a new mortgage and note ("subject debt" or "subject loan") in favor of JPMorgan Chase ("Chase"), secured by the subject property.

9.  Plaintiff subsequently defaulted on the subject loan in 2012.

10. Chase transferred the servicing rights to the subject loan to Nationstar on or around July 1, 2014.

11. On November 13, 2015, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 15-38676 ("bankruptcy").

12. Schedule D of the bankruptcy petition listed the subject loan, a pre-petition debt owed to Nationstar secured by the subject property, in the amount of $228,394.00. *See* Exhibit A, a true and correct copy of Schedule D filed in Plaintiff's bankruptcy case.

13. On December 10, 2015, by virtue of listing Nationstar as a creditor, the Bankruptcy Noticing Center ("BNC") served Nationstar with Notice of Chapter 7 Bankruptcy Case, Meeting

of Creditors & Deadlines. *See* Exhibit B, a true and correct copy of the BNC Certificate of Notice establishing service of the notice of filing upon Nationstar.

14. On February 24, 2016, the 341 Meeting of Creditors was held with the Chapter 7 Trustee. No representative of Nationstar appeared at the 341 Meeting of Creditors.

15. On March 22, 2016, the Bankruptcy Court entered an Order of Discharge in Plaintiff's case of all dischargeable debts, including the subject debt. *See* Exhibit C, a true and correct copy of the Order of Discharge and BNC Certificate of Notice establishing service of the Order of Discharge upon Chase.

16. The Order of Discharge expressly stated:

> "This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally...." *Id.* at p. 1.

17. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction, prohibiting any acts to collect upon the subject debt by Nationstar or any other party.

18. Plaintiff's personal liability on the subject loan was extinguished via her bankruptcy discharge, thus terminating the business relationship with Nationstar and any of its successors and assigns.

### SELENE'S POST-DISCHARGE COMMUNICATIONS

19. After Plaintiff's discharge, Selene acquired the servicing rights to the subject loan.

20. On April 29, 2016, after the discharge injunction had taken effect, Nationstar sent Plaintiff a Notice of Assignment, Sale or Transfer of Servicing Rights informing Plaintiff that servicing rights to the subject loan had been transferred to Selene. *See* Exhibit D, a true and correct copy of the Notice of Assignment, Sale or Transfer of Servicing Rights Nationstar sent to Plaintiff.

21. After it acquired the servicing rights to the subject loan, with actual knowledge of Plaintiff's Chapter 7 bankruptcy and subsequent discharge, Selene began sending demands for payment on the subject debt.

22. Between May 30, 2016 and the present day, Selene sent Plaintiff no less than six dunning letters demanding payment on the subject debt. The dunning letters included detachable payment coupons instructing Plaintiff to return to Selene with payment towards the discharged subject debt. *See* Exhibit E, true and correct copies of the dunning letters sent by Selene to Plaintiff.

23. The dunning letters threatened:

> "We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report." *Id.*

24. The dunning letters further stated, "Selene Finance LP is a debt collector attempting to collect a debt and any information obtained will be used for that purpose." *Id.*

25. All of Selene's collection efforts occurred after the subject debt was discharged in Plaintiff's bankruptcy.

## DAMAGES

26. Plaintiff suffered from emotional distress due to Selene's unlawful attempts to collect the discharged subject debt as she was led to believe her bankruptcy had no legal effect. The dunning letters were highly confusing to Plaintiff.

27. Plaintiff was unduly inconvenienced and harassed by Selene's unlawful attempts to collect the discharged subject debt.

28. Concerned about the violations of her rights and protections afforded by her bankruptcy discharge, Plaintiff sought the assistance of counsel to ensure that Selene's collection efforts ceased.

4

29. Plaintiff has incurred attorney's fees as a result of Selene's deceptive collection actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

32. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

33. Selene is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts allegedly owed to a third party.

34. Moreover, Selene is a "debt collector" because it acquired rights to the subject loan after it was in default. 15 U.S.C. §1692a(6).

35. Section 524(a)(2)-(3) of the Bankruptcy Code, commonly known as the "discharge injunction," prohibits "an act, to collect, recover or offset any such debt as a personal liability of the debtor," and "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor." 11 U.S.C. §§524(a)(2)-(3).

36. Selene violated 15 U.S.C. §§1692e, e(2), e(5), e(10), f, and f(1) through its debt collection efforts on a debt discharged in bankruptcy.

    a. **Violations of FDCPA §1692e**

37. Selene violated §1692e by making false representations in its attempts to collect the subject debt as the subject debt was not owed at the times Selene made demands on the subject debt.

38. Selene violated §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed at the times Selene demanded payment because it was discharged in Plaintiff's bankruptcy.

39. Selene violated §1692e(5) when it threatened to report Plaintiff to the credit bureaus for nonpayment of the subject debt.

40. Selene violated §1692e(10) when it falsely represented that the subject debt was collectible at the times of the demands as the subject debt was not owed by virtue of Plaintiff's bankruptcy discharge.

### b. Violations of FDCPA §1692f

41. Selene violated §1692f by employing unfair and unconscionable means to collect the subject debt by sending a barrage of dunning letters attempting to collect the subject debt which was discharged in Plaintiff's bankruptcy and not owed.

42. Selene violated §1692f(1) by attempting to collect a debt that was uncollectible as a matter of law as the discharge injunction precludes collection of any discharged debt.

43. Selene attempted to dragoon and induce Plaintiff into paying a debt that was not legally owed.

44. As an experienced creditor and debt collector, Selene knew or should have known the ramifications of collecting on a debt that was discharged in bankruptcy.

45. Selene knew or should have known that Plaintiff's discharged debt was uncollectable as a matter of law.

46. Upon information and belief, Selene has no system in place to identify and cease collection of debts discharged in bankruptcy.

WHEREFORE, Plaintiff DONNA M. HAMMOND requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

47. Plaintiff restates and reallages paragraphs 1 through 29 as through fully set forth herein.

48. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/ (c) and (e) respectively.

49. Selene is engaged in commerce in the State of Illinois with regard to Plaintiff, the subject loan, and the subject property. Selene specializes in lending, servicing, and debt collection, which are activities within the stream of commerce and utilized in their regular course of business.

50. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the *concealment*, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

### a. Deception and Unfairness

51. Selene violated 815 ILCS 505/2 by engaging in unfair and deceptive acts or practices by using fraud, deception, and misrepresentations in its attempt to collect the subject debt after Plaintiff's bankruptcy discharge.

52. Selene's demands for payment on the subject debt, which was duly scheduled and subsequently discharged in Plaintiff's bankruptcy, represents the use of false pretenses and misleading communications to attempt to collect a debt that was not owed at the time the demands for payment were made.

53. It was unfair for Selene to mislead Plaintiff into believing the subject debt is still owed, when it is not.

54. It was unfair for Selene to seek to collect the subject debt from Plaintiff through constant misleading statements and dunning letters.

55. It was unfair for Selene to attempt to induce Plaintiff into making payments on an uncollectible debt by repeatedly sending dunning letters to Plaintiff.

56. Selene intended that Plaintiff rely on its misrepresentations and Plaintiff did in fact rely on Selene's misrepresentations as she was led to believe her bankruptcy had no legal effect and that she still owed the subject debt to Selene.

57. Selene's demands were unfair and deceptive because they were systematically calculated to mislead Plaintiff into believing the subject debt was owed, when in fact the subject debt was discharged in Plaintiff's bankruptcy.

58. As pled above, Plaintiff has suffered damages as a result of Selene's unlawful collection practices.

59. Upon information and belief, collecting discharged debts is an unfair and deceptive business practice willfully employed by Selene to maximize its profits at the expense of Illinois consumers.

60. Such unfair and deceptive conduct is harmful to Illinois consumers as it can result in Illinois consumers paying debts that are not owed.

61. An award of punitive damages is appropriate because Selene's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the dunning letters.

WHEREFORE, Plaintiff DONNA M. HAMMOND requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Selene;
b. Award Plaintiff her actual damages in an amount to be determined at trial;
c. Award Plaintiff her punitive damages in an amount to be determined at trial;
d. Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: November 30, 2016      Respectfully Submitted,

/s/ Omar T. Sulaiman

/s/ Omar T. Sulaiman
Omar T. Sulaiman ARDC#6322837
*Counsel for Plaintiff*
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575- 8188